PORTLAND, SACO & PORTSMOUTH RAILROAD COMPANY, petitioners, *vs.* COUNTY COMMISSIONERS OF YORK COUNTY.

York, 1874.—May 3, 1876.

*Certiorari.   Records.   County Commissioners.*

If the adjudication of the county commissioners does not contain a description of the road, so that it may be ascertained from the record, a writ of certiorari will be granted.

Where the record contained no description of the portion of the old way attempted to be discontinued, or of the new one to be established, except by reference to a plan, and the plan did not state distances, and was in other respects unintelligible, the writ of certiorari was granted.

ON EXCEPTIONS.

PETITION for writ of certiorari.

The petition set out that on December 29, 1871, the county commissioners of York county upon the application of the Boston & Maine Railroad adjudged and determined the conditions and manner of the crossings in, upon, and over, certain ways in the town of North Berwick, alleged illegalities, and prayed that a writ of certiorari might be issued and the records and proceedings quashed.

The record, among other things, stated the adjudication of the commissioners to be that the crossing shall be on the road leading from North Berwick to Wells village, near the house of Abraham Junkins and the old road near the same point, "the courses of both roads to be changed so as to pass over the railroad by one bridge in the manner indicated on the plan marked F," &c.

The presiding justice *pro forma* denied the prayer of the petitioners and they alleged exceptions.

*J. & E. M. Rand*, for the petitioners.

*J. Drummond*, for the respondents.

WALTON, J.   If in this case it were desirable to sustain the doings of the county commissioners, it would be establishing a dangerous precedent to do so.   Their record contains no description whatever of that portion of the old way which is discontinued,

or of the new way which is attempted to be established, except by reference to a plan. The plan is unintelligible unless aided by parol evidence. It does not state distances. To ascertain the length of the old way which is discontinued, or of the new one attempted to be established, recourse must be had to the scale, which is one hundred feet to an inch. It does not give the place of beginning or the place of ending of the new way, nor its angles. These important facts, if ascertainable at all, can only be ascertained by the use of the scale, and the aid of persons familiar with the buildings and other objects very imperfectly laid down on the plan. Results thus obtained are altogether too unreliable. To sustain proceedings so defective and unprecedented would establish a dangerous precedent. Nor is it desirable to sustain these proceedings. The alteration was made to accommodate the Boston & Maine railroad company. They have since changed the location of their track, and the alteration is no longer needed for the purpose for which it was made. It is therefore better that the old way should be reinstated and the new one discontinued. *Writ granted as prayed for.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.